UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPERIOR TOWING AND TRANSPORT, LLC,<br><br>   *Plaintiff*,<br><br> v.<br><br>J.B. HUNT TRANSPORT, INC., et al.,<br><br>   *Defendants*. | **Memorandum and Order**<br><br>Civil Action No. 3:21-cv-00900-PGS-LHG |

  This matter comes before the Court on three motions arising from a dispute under the federal Motor Carrier Act ("MCA"), 49 U.S.C. §10101: (1) Plaintiff Superior Towing and Transport, LLC's ("Superior Towing" or "Plaintiff") motion for default judgment (ECF No. 17) against Defendant M&C Express Transport Inc. ("M&C Express"); (2) Defendants Crown Cork & Seal USA, Inc.'s ("Crown Cork") and J.B. Hunt Transport, Inc.'s ("Hunt") motion to dismiss Counts I (breach of contract), II (book account), and III (reasonable value of services) for failure to state a claim, including three additional counts against Hunt in its capacity as self-insured (ECF No. 5); (3) Defendant Progressive Mountain Insurance Company's ("Progressive") motion to dismiss Counts I (breach of contract), II (book account), and III (reasonable value of services) for failure to state a claim. (ECF No. 26) The Court heard oral argument on July 20, 2021.

I.

  This is a very commonplace action for monies allegedly owed to a towing company (Superior Towing) for clearing and cleaning up debris after a tractor trailer (M&C Express)

1

crashed into a guard rail on Route 78 in New Jersey.  As often happens, Superior Towing was not paid and sues for the damages.

By way of background, Crown Cork (a Virginia corporation) required a shipment of 20 pallets of metal lids to be picked up in Virginia and delivered to a customer in New Jersey.  It hired Hunt to transport the lids. Hunt, in turn, engaged another trucking company, M&C Express (a Georgia corporation) to transport the lids. During the course of the trip, Daley Strafford, an M&C Express driver, crashed a M&C truck into a guardrail on Route 78, overturning the tractor trailer and spewing the lids over the crash site.  The New Jersey State Police responded; and in order to reestablish the orderly flow of traffic, deployed Superior Towing to clean-up, recover, remove, transport and store the remnants of the accident, including the lids.  Superior Towing has not been paid for its services.[1]  M&C Express is insured by Progressive.  Progressive avers that it insures M&C Express on some of its vehicles; but not the one that was involved in the accident at issue because it was excluded from the policy.  M&C Express disputes the same because it avers that the duty to provide coverage was a condition imposed by the Federal Motor Carrier Safety Administration to the license granted to Progressive (form MCS-90)[2].

II.

In addition to the above facts, one other important fact to note: Superior Towing served process upon Claudia Augustin, a person authorized to accept service on behalf of M&C Express

---

[1] Hunt authorized Superior Towing to dispose of salvageable cargo (the lids) resulting in $8,850 net proceeds to Superior Towing.

[2] The MCA ensures that licensed truck operators in interstate commerce cannot avoid financial responsibility for accidents. *See Carolina Cas. Ins. Co. v. Yeates*, 584 F.3d 868, 873 (10th Cir. 2009). The MCA requires a motor carrier's insurer to certify to minimum standards of financial responsibility. That certification includes a special endorsement known as the MCS-90, which must be attached to the motor carrier's liability policy and applies where the insurance policy does not provide coverage. *See id*. at 870; *Carolina Cas. Ins. Co. v. Travelers Prop. Cas. Co.*, 90 F. Supp. 3d 304, 321 (D.N.J. 2014).

(ECF No. 9).  As M&C did not answer or otherwise respond, the Clerk entered default on March 18, 2021.  In April 2021, Superior Towing brought this motion to enter default (ECF No. 17) pursuant to Fed. R. Civ. P. 55(b)(2).

### III. Motion for Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a default judgment can be entered by the Court after default has been entered, but to do so, the Court must determine, whether (1) the Court has jurisdiction over the parties and subject matter, (2) the Defendants have been properly served, (3) the complaint sufficiently pleads a cause of action, and (4) if the plaintiff has proved damages. *See Aspen Am. Ins. Co. v. Total Quality Logistics, LLC*, No. CV175281ESJAD, 2019 WL 1275058, at *2 (D.N.J. Mar. 20, 2019); *see also Husain v. Casino Control Comm'n*, 265 Fed. Appx. 130, 133 (3d Cir. 2008).[3] If the proof is insufficient, the Court may conduct a hearing or order the plaintiff to provide additional support. Fed. R. Civ. P. 55(b)(2); *see also Paniagua Grp., Inc. v. Hospitality Specialists LLC*, 183 F. Supp. 3d 591, 605 (D.N.J. 2016).

The Court may determine that the Defendant lacks a litigable defense based on the facts alleged in the complaint and the absence of any responsive pleading. *See Aspen*, 2019 WL 1275058, at *4.

In general, the Third Circuit has a policy "disfavoring default judgments and encouraging decisions on the merits."  *Harad v. Aetna Casualty & Surety Co.*, 839 F.2d 979, 982 (3d Cir. 1988). However, once a plaintiff has obtained an entry of default and presented some proof of damages, the decision is left to the discretion of the court. *Malik v. Hannah*, 661 F. Supp. 2d 485, 490 (D.N.J. 2009).

---

[3] The Court also must consider three additional factors to determine whether a default judgment should be granted. These factors are: (1) prejudice to the plaintiff if the default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. See *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  There are no facts present to invoke these factors.

The Court has specific jurisdiction over M&C Express because it has direct contacts with a forum (New Jersey) that give rise to the plaintiff's claim. Generally, specific jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation omitted). The Third Circuit imposes a three-part test to find specific jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3rd Cir. 2007) (internal citations omitted). Suffice it to say, the key inquiry in the specific jurisdiction analysis is whether there was "some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Here, M&C Express "purposefully directed its activities" at New Jersey when it agreed to transport the lids from Virginia to New Jersey with Hunt.

Moreover, the Court's exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945). M&C Express is authorized to operate in New Jersey by the FMCSA (Compl. ¶ 3.) and it has a registered agent (Stone Mountain Agents LLC) in New Jersey. As such, specific jurisdiction test has been met.

Second, Defendants must be properly served. The Defendant was properly served upon Claudia Augustin as the documents were delivered to an authorized agent per Federal Rule of Civil Procedure 4(h)(b).

Third, the claims must satisfy all prima facie elements for the cause of action. When an entry of default has been entered, "factual allegations of the complaint, except those relating to the amount [in] damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149

(3d Cir. 1990). The three claims against M&C Express are Counts I (breach of contract), II (book account), and III (reasonable value of services). (ECF No. 1)

The elements for a breach of contract claim are (1) there was a contract; (2) defendant breached the contract; (3) and plaintiff suffered damages resulting from that breach. *See Davis v. Wells Fargo*, 824 F.3d 333, 351 (3d Cir. 2016). The Complaint does not allege sufficient facts to sustain a breach of contract claim against M&C Express because there was never any formation. The Complaint alleges that M&C Express benefited from emergency services provided by Superior Towing, but that fact alone is not sufficient to infer an agreement between the parties.

The same insufficiency exists for a book account claim. The elements for a book account claim are (1) an express or implied agreement as to the amount due; (2) the account was stated or agreed to by both creditor and debtor. *See ASCO Power Techs., L.P. v. PEPCO Techs. L.L.C.*, 2006 U.S. Dist. LEXIS 76368 at *21 (N.J. Oct. 19, 2006). Here, there was no express or implied agreement between the parties. Superior Towing refers to the invoice issued to Hunt on August 29, 2020. (*See* Compl., ECF No. 1, Ex. 1.) Plaintiff also alleges that they demanded payment from M&C Express, but it refused. This fails to show mutual assent between the parties.

On the other hand, there are sufficient facts alleged to sustain a claim under a theory of quantum meruit. The elements for reasonable value of services, or quantum meruit, are: (1) the performance of services in good faith; (2) acceptance of the services by the person to whom they are rendered; (3) an expectation of compensation; and (4) reasonable value of the services. *Starkey, Kelly, Blaney, & White v. Estate of Nicolaysen*, 172 N.J. 60, 68 (2002). The third element requires the Plaintiff to show that there was an expectation of compensation or payment from the party against whom relief is sought. *See TBI Unlimited, LLC v. Clearcut Lawn Decisions, LLC*, 2013 U.S. Dist. LEXIS 41206 at *13 (D.N.J. Mar. 25, 2013). A claim for

quantum meruit is also appropriate under circumstances that should have put the beneficiary on notice that the Plaintiff expects to be paid. *See Manley Toys*, 2013 U.S. Dist. LEXIS 8369 at *18 (D.N.J. Jan. 22, 2013) (citing *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 438 (1992)).

Superior Towing alleges sufficient facts to satisfy the elements for a reasonable value of services, or quantum meruit. After the accident, Superior Towing responded to a request from the State Police. The Complaint alleges that M&C Express was later notified of Plaintiff's services and sent an invoice for the assorted charges. Plaintiff has identified M&C Express as beneficiaries and notified them of the cost for services rendered. Taking these facts as true, they support a facially plausible claim for reasonable value of services.

Finally, the Court must assess the amount in damages. Although default judgment can proceed with only limited proof, plaintiffs must still offer some proof of damages. *See Comdyne I*, 908 F.2d at 1149. A plaintiff must provide "an affidavit or other documentary evidence" to justify the amount in damages. *Bryant v. Jackson*, 2014 U.S. Dist. LEXIS 159574 at *1 (N.J. Nov. 12, 2014). Invoices may also be used as support, especially where there is no reason to question the "authenticity and accuracy of the plaintiff's records showing a final cost". *Paniagua*, 183 F. Supp. 3d at 605.

To support its amount in damages, Superior Towing provides an invoice issued to Hunt on August 29, 2020. (*See* Compl., ECF No. 1, Ex. 1.) Examples line items include:

- Heavy Duty Rotator (Port to Port) for 8.50 hours at $1200/hour, totaling $10,200;
- Clean Up/Spill Truck (Hourly, Port to Port) for 8 hours at $350/hour, totaling $2,800
- Technician (Hourly, Port to Port) for 8 hours at $125/hour, total amount $1000
- Charges from LMR Disposal for 1 hour at $9,735/hour, totaling $9,735

6

In lieu of the affidavit, the Plaintiff included several statements by Michael Girgis, the sole member of Superior Towing, enumerated in his certification. (Cert. of Michael Girgis, ECF No. 17-1.) In it, Girgis authenticates the following two documents:

- Superior Towing & Transport LLC Invoice (INV-43477) to J.B. Hunt Transport, Inc. dated August 29, 2020 (Ex. A)
- Photograph of a tractor's door identifying M&C Express as the leased operator (Ex. B)

Although the certification and invoice provide some support for the alleged amount owed, Superior Towing noted that amount sought is an estimate because vehicular equipment remains in Plaintiff's storage, incurring more charges each month[4]. [T]he Court need not accept as true Plaintiff's allegations relating to damages." *Paniagua*, 183 F. Supp. 3d at 605. Here, the Court needs further support to determine a reasonable final amount and so will conduct a hearing on damages. *See* Fed. R. Civ. P. 55(b)(2)(C). As such, the motion is denied, and a hearing on damages shall be conducted[5].

### IV. Standard of Law- Motion to Dismiss

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court will accept well-pleaded

---

[4] The Court must determine the reasonable cost of storage of a tractor trailer. That proof requires that the market value of storage for debris of a tractor trailer is in the area where Superior Towing is located must be shown.
[5] If there is no objection, the Court will accept a sworn statement, or hear testimony by teleconference.

7

allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000).

V. Analysis

A. Crown Cork and Hunt's Motion to Dismiss

In the motion to dismiss, Defendants allege that Superior Towing fails to provide facially plausible facts to connect the counts to Crown Cork and Hunt. Based on the contract between Hunt and M&C Express, Defendants allege that Superior Towing's claims should be against M&C Express as the carrier and Progressive as the insurer. (*See* Hunt Reply Mem., ECF No. 22, Ex. 1.)   In opposition, Plaintiff relies on the Domestic Truck Bill of Lading from Crown Cork where Hunt is listed as the carrier. (*See* Superior Towing Br., ECF No. 19, Ex. 1.)

The Complaint does not allege sufficient facts to satisfy the elements of a breach of contract claim, principally for the same reason the Court found no contract between M&C Express and Plaintiff: there never was formation between the parties. Because there are no contractual obligations or agreement between the parties, there cannot be any breach. *See Gherardi v. Bd. of Ed. of City of Trenton*, 53 N.J. Super. 349, 360, 147 A.2d 535, 541 (App. Div. 1958).

Plaintiff argues that the Bill of Lading listing Hunt as a carrier and Crown Cork as the shipper would create privity of contract between those parties, but that is not so. "The bill of lading operates as both the receipt and the basic transportation contract between the shipper-

8

consignor and the carrier, and its terms and conditions are binding." *EF Operating Corp. v. Am. Bldgs.*, 993 F.2d 1046, 1050 (3d Cir. 1993) (internal citation omitted).

The Bill of Lading does not create privity between Superior Towing and Hunt or Crown Cork or override the existing Outsource Carriage Agreement between Hunt and M&C Express. The Court therefore dismisses the breach of contract claim.

Likewise, there are insufficient facts in the Complaint to satisfy the elements of the book account claim for the same reason. Superior Towing refers to the invoice issued to Hunt on August 29, 2020, but the invoice alone does not show mutual assent.

However, Plaintiff succeeds in adequately alleging facts to support a claim for quantum meruit. Plaintiff has identified Hunt and Crown Cork as beneficiaries of its services by clearing a highway of Crown Cork's lids and the tractor trailer of the carrier to whom Hunt outsourced the carriage of cargo. Plaintiff also represents that Defendants were put on notice for the cost of services rendered and that it was pursuant to Hunt "directing Superior to dispose of the cargo" that Plaintiff "proceeded to dispose of the salvageable cargo." (Pl. Opp. 5, ECF 19; Compl. ¶22). If taken as true, these facts support a facially plausible claim for reasonable value of services and Plaintiff should be afforded the opportunity to develop its claim to include the extent to which Hunt and Crown Cork "direct[ed]" Plaintiff to proceed with the salvage operation, thereby conferring a benefit on Hunt and Crown Cork distinct from the benefit conferred on M&C Express. Accordingly, the quantum meruit claim survives for the purpose of this motion.

The Court dismisses all claims against Crown Cork and Hunt except those for quantum meruit (Count III).

B. Progressive's Motion to Dismiss

Superior Towing alleges that Progressive, as the insurer, has a contractual obligation under Form MCS-90 and Certificate Form BMC-91X to pay public liabilities for insurable costs resulting from the accident. M&C Express, as the insured, defaulted on its obligations to make payments for Superior Towing's services. Progressive also failed to make payments for the emergency services. In response, Progressive argues only that until a final judgment is entered against M&C Express, it is not obligated to pay under Form MCS-90. Because the Court has entered default judgment against M&C Express as to liability and will hold a hearing as to damages this argument is moot or will soon be following the hearing.[6] As such, Progressive's motion is denied as to Count III (reasonable value of services), and granted as to Counts I (breach of contract) and II (book account) for the same reasons as described above.

**ORDER**

THIS MATTER having come before the court on Plaintiff Superior Towing and Transport, LLC's motion for default judgment, Defendants Crown Cork & Seal USA, Inc.'s and J.B. Hunt Transport, Inc.'s motion to dismiss, and Defendant Progressive Mountain Insurance Company's motion to dismiss; and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

**IT IS** on this 30th day of September 2021,

---

[6] A "final decision" is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). A final decision or judgment is "[a] court's last action that settles the rights of the parties and disposes of all issues in controversy, except for ... enforcement of the judgment." *Final Judgment*, BLACK'S LAW DICTIONARY (10th ed. 2014).

10

**ORDERED** that the Motion for Default Judgment against Defendant M&C Express Transport Inc. (ECF No. 17) is GRANTED as to liability and DENIED as to damages; and it is further

**ORDERED** that the parties will appear for a hearing on damages on October 20, 2021 at 2:30 p.m.; and it is further

**ORDERED** that the Motion to Dismiss by Defendants Crown Cork & Seal USA, Inc. and J.B. Hunt Transport, Inc. (including J.B. Hunt Transport, Inc. in its capacity as self-insurer) (ECF No. 5) is GRANTED as to Counts I (breach of contract) and II (book account), and DENIED as to Count III (reasonable value of services); and it is further

**ORDERED** that the Motion to Dismiss by Progressive Mountain Insurance Company (ECF No. 26) is GRANTED as to Counts I (breach of contract) and II (book account), DENIED as to Count III (reasonable value of services); and it is further

**ORDERED** that Plaintiff may amend Count I and Count II of the complaint within thirty days.

s/*Peter G. Sheridan*  
PETER G. SHERIDAN, U.S.D.J.