UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPERIOR TOWING AND TRANSPORT, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>J.B. HUNT TRANSPORT INC, et al.,<br><br>*Defendants.* | Civil Action No.:<br>21-cv-00900-PGS-LHG<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on a Motion to Enforce a Judgment filed by plaintiff Superior Towing and Transport, LLC's ("Plaintiff" or "Superior Towing"). (ECF No. 42). Superior Towing seeks to enforce a money judgment it previously obtained as to M&C Express Transport Inc. ("M&C Express") against defendant Progressive Mountain Insurance Company ("Progressive"), the insurer of M&C Express, under the federally mandated policy endorsement (Form MCS–90).

I.

On January 19, 2021, Superior Towing commenced the instant action against defendants J.B. Hunt Transport, Inc., M&C Express, Crown Cork & Seal USA, Inc. and Progressive. Superior Towing seeks to recover clean-up and storage

1

costs that stem from a motor vehicle accident that occurred when an M&C Express driver lost control of a freightliner and crashed into a guard rail on I-78 in Clinton, New Jersey. At the request of the police, Superior Towing responded to the scene of the accident, and undertook clean-up services at the site. These services included towing, transporting, impounding and storing of the freightliner as well as its cargo (food grade metal lids) strewn across the highway.

Previously, Superior Towing filed a motion for default judgment against M&C Express for the clean-up charges incurred (ECF No. 17),[1] and a motion to dismiss the complaint by Progressive for failure to state a claim (ECF No. 26). As time passed, Superior Towing's storage charges continued to grow, so the Court granted Superior Towing's Motion for Default Judgment against M&C Express as to liability under its quantum meruit theory, but denied the motion as to damages. (ECF No. 31). Additional proof was required to determine the reasonable value of the storage charges. Contemporaneously, Progressive sought dismissal of the Complaint under Rule 12. (ECF No. 26). Progressive argued that any obligation to Superior Towing would only arise when a final judgment against M&C Express is entered. As such, Progressive asserted that the suit against it was premature.

---

[1] The Court's September 30, 2021 Memorandum (ECF No. 31) also granted the Motion to Dismiss by defendants Crown Cork & Seal USA, Inc. and J.B. Hunt Transport, Inc. as to Counts I and II, and denied the motion as to Count III.

Thereafter, Superior Towing submitted an invoice of costs incurred and a Certification by a representative of Superior Towing attesting to the reasonableness of the damages. (ECF No. 32). At oral argument, Superior Towing addressed the amount of damages against M&C Express. Progressive's counsel did not object to the entry of the judgment against M&C Express, but instead reserved Progressive's rights and defenses, including its right to challenge Superior Towing's recovery of the final judgment from Progressive. (Oct. 19, 2021 Hearing T. 3:13-4:16; 7:35-8:4). The Court entered judgment in favor of Superior Towing and against M&C Express in the amount of $217,333.32 plus $402.00 in costs. (ECF No. 34). Subsequent thereto, Progressive filed its Answer to Superior Towing's Complaint (ECF No. 41); but never asserted that it had any problem with the merits of the litigation up to and including entry of the judgment against M&C Express.

II.

Superior Towing brings this motion to enforce its judgment against Progressive for failing to indemnify Superior Towing in the amount of the default judgment against M&C Express. In opposition, Progressive recognizes its obligation under Form MCS–90, but it argues that Superior Towing's damages consist of excessive storage costs and miscellaneous administrative fees for which Progressive is not obligated to pay. To resolve the issue, Progressive requests discovery, including the deposition of a representative of Superior Towing with

3

knowledge of the damages, a representative of the highway department with knowledge of the accident, and a representative of the New Jersey State Police Department. (ECF No. 47, Opp. Br. at 10). In addition, Progressive asserts it shall mount a defense to evaluate Superior Towing's final judgment. (*Id.*) Such discovery could have been conducted earlier. Previously, the Court accepted Progressive's theory that its obligation to Superior Towing rests on a "final judgment," and payment was not due until one was entered; but it never clearly stated further discovery was necessary. Now that a "final judgment" has been entered, Progressive contends it has a right to defend itself against that judgment.

To enforce Superior Towing's judgment against Progressive now without discovery would have the effect of thwarting Progressive's ability to litigate the remaining claim against it, and to compel Progressive to make payment without the benefit of a defense or discovery. As such, the Court will deny the Motion to Enforce without prejudice, and allow Progressive to undertake discovery and defend itself in this matter.

The Court's makes its decision to deny the Motion to Enforce reluctantly. This result is unfair and prejudicial to Superior Towing since Progressive had the opportunity to defend against the amount of the final judgment earlier. Progressive has been present in this case from its inception, but it declined to participate in the Motion for Default Judgment against its insured, M&C Express. (ECF No. 17).

After the Motion for Default Judgment was granted as to liability (ECF No. 31), Progressive failed to object to the amount of the final judgment against M&C Express. Only now, at the eleventh hour after the final judgment has been entered, has Progressive challenged the final judgment. This circuitous course of action not only frustrates judicial economy, but it also forces the parties to unnecessarily expend resources. With that said, the attorney for Superior Towing may, in its discretion, apply for some appropriate relief, if any, that is just and reasonable.

## ORDER

**IT IS** on this 21st day of February, 2023,

**ORDERED** that plaintiff Superior Towing and Transport, LLC's Motion to Enforce against defendant Progressive Mountain Insurance Company (ECF No. 42) is **DENIED WITHOUT PREJUDICE**; and

**ORDERED** that the parties shall proceed with discovery as to damages under the oversight of Magistrate Judge Goodman.

_____
PETER G. SHERIDAN, U.S.D.J.