UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPERIOR TOWING AND TRANSPORT, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>J.B. HUNT TRANSPORT INC, et al.,<br><br>*Defendants*. | Civil Action No.:<br>3:21-cv-00900-PGS-JBD<br><br>**MEMORANDUM AND ORDER** |

In a Memorandum and Order dated February 21, 2023, this Court denied plaintiff Superior Towing and Transport, LLC's ("Plaintiff" or "Superior Towing") Motion to Enforce Judgment. (ECF No. 52). Specifically, the Order denied Superior Towing's motion to enforce a money judgment entered as to M&C Express Transport Inc. ("M&C Express") against defendant Progressive Mountain Insurance Company ("Progressive") and directed the parties to undertake limited discovery on Superior Towing's damages. Two weeks after the Memorandum and Order, Superior Towing moved for reconsideration (ECF No. 56). Superior Towing's sole contention is that the Court overlooked an argument that it made in its reply brief in further support of its Motion to Enforce. That argument contended that Form MCS–90 creates a suretyship pursuant to which Progressive is obligated to pay any final judgment against its insured, M&C Express.

1

Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court decides the motion without oral argument, and denies Plaintiff's motion for reconsideration. None of the grounds justifying reconsideration under Fed. R. Civ. P. 60 are present. The Court considered all of the arguments advanced by the parties, but it is not obligated to address each and every point where the decision rests upon other grounds. Here, the Court's denied Plaintiff's motion without prejudice in order to afford Progressive an opportunity to take discovery on the damages that comprises the judgment against M& C Express.

To the extent any suretyship exists, it is not without bound. The expressed language of Form MCS–90 limits the obligation to "any final judgment recovered against the insured *for public liability resulting from negligence in the operation, maintenance or use of motor vehicles*." Form MCS–90 at 2 (emphasis added). A limited period of discovery is warranted to determine whether what part, if any, of the judgment against M&C Express was "for public liability resulting from negligence in the operation, maintenance or use of motor vehicles." Accordingly, Plaintiff's motion for reconsideration is denied.

## ORDER

**IT IS** on this  6   day of September, 2023,

**ORDERED** that plaintiff Superior Towing and Transport, LLC's Motion to for Reconsideration (ECF No. 56) is **DENIED**.

                                                 PETER G. SHERIDAN, U.S.D.J.